# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

JERRY WILLIAM ROBINSON

3837 Peach Orchard Circle

Portsmouth, VA 23703    **Plaintiff,**

vs,                                              No.

CONVERGENT OUTSOURCING

800 SW 39th STREET

Renton, WA 98057    **Defendant.**

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the (FDCPA)Fair Debt Collection Practices Act *et seq.*, 15 U.S.C. § 1692, (TCPA)Telephone Consumer Protection Act 47 U.S.C. §227 and (FCRA) Fair Credit Reporting Act *et seq.* 15 U.S.C. §1681

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

# FACTUAL ALLEGATIONS

3. On 03/20/2014 Plaintiff requested his consumer credit report and discovered that on : December 19, 2013, December13, 2013, August 30, 2013 and July30, 2013 defendant initiated a soft pull of plaintiff's credit report from EXPERION (Report# 1845-8937-61) without permissible purpose.

4. On February 24, 2014, an agent of Convergent Outsourcing called my cell phone (757) 515-7447 using an automatic telephone dialing system without my permission. In addition, the defendant did not state in the initial communication that they were debt collectors attempting to collect a debt and that all information would be used to collect said debt. Further, the defendants did not send a verification letter within 30 days after the initial contact.

## COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT CONVERGENT OUTSOURCING

5. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

6. Convergent Outsourcing is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

7. Convergent Outsourcing willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Convergent Outsourcing willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer credit report without a permissible purpose as defined by15 U.S.C. §1681b on December 19, 2013, December13, 2013, August 30, 2013 and July30, 2013.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $6,000 against

Convergent Outsourcing for actual or statutory damages, and punitive damages attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT CONVERGENT OUTSOURCING

8. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

9. Convergent Outsourcing is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

10. Convergent Outsourcing negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Convergent Outsourcing negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b on December 19, 2013, December 13, 2013, August 30, 2013 and July 30, 2013.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $6,000 against Convergent Outsourcing for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a).

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 BY DEFENDANT CONVERGENT OUTSOURCING

Convergent Outsourcing has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number Telephone number, (757) 515-7447 On February 24, 2014. Convergent Outsourcing called Plaintiffs cell phone, which is assigned to a cellular telephone service. The Plaintiff has never given Convergent Outsourcing permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Convergent Outsourcing do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $1,500 against Convergent Outsourcing for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a).

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 BY DEFENDANT CONVERGENT OUTSOURCING

12. Convergent Outsourcing has negligently demonstrated non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's telephone number, (757) 515-7447, which is assigned to a cellular telephone service. 14. Convergent Outsourcing has negligently demonstrated non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number (757) 515-7447 On February 24, 2014. Convergent Outsourcing called Plaintiffs cell phone, which is assigned to a cellular telephone service. The Plaintiff has never given Convergent Outsourcing permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47

U.S.C. §227(b)(3)(B). Plaintiff and Convergent Outsourcing do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $1,500 against Convergent Outsourcing for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a).

## COUNT V

## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT 15 U.S.C. 1692 § 807 BY DEFENDANT CONVERGENT OUTSOURCING

15. Convergent Outsourcing has demonstrated willful or knowing non-compliance with 15 U.S.C. 1692e § 807 (11). On February 24, 2014, Convergent Outsourcing called plaintiff's cell phone number (757) 515-7447, and failed to state that they were debt collectors attempting to collect on a debt and that the information obtained would be used for that purpose.

16. Convergent Outsourcing has demonstrated willful or knowing non-compliance with 15 U.S.C. 1692g § 809 (a) Defendant contacted Plaintiff on February 24, 2014 and failed to send a validation letter within 30 day of the initial contact.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $3,000 against Convergent Outsourcing for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a).

## COUNT VI

## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES

ACT15 U.S.C. 1692 § 807 BY DEFENDANT CONVERGENT OUTSOURCING

15. Convergent Outsourcing has negligently demonstrated non-compliance with 15 U.S.C. 1692e § 807 (11). On February 24, 2014, Convergent Outsourcing called plaintiff's cell phone number (757) 515-7447, and failed to state that they were debt collectors attempting to collect on a debt and that the information obtained would be used for that purpose.

16. Convergent Outsourcing has demonstrated willful or knowing non-compliance with 15 U.S.C. 1692g § 809 (a) Defendant contacted Plaintiff on February 24, 2014 and failed to send a validation letter within 30 day of the initial contact.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $3,000 against Convergent Outsourcing for statutory damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a).

Plaintiff is entitled to damages totaling $21,000(Twenty one thousand dollars).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 9th day of May, 2014

*[signature]*

JERRY WILLIAM ROBINSON

3837 Peach Orchard Circle

Portsmouth, VA   23703

757-515-7447

## CERTIFICATE OF SERVICE

I Jerry W. Robinson certify that I filed the foregoing in the U.S. District Court Eastern District Norfolk Virginia.

I also Certify that I mailed the same by to:   CONVERGENT OUTSOURCING
c/o C T CORPORATION SYSTEMS
505 UNION AVE SE STE 120
OLYMPIA, WA 98501

CONVERGENT OUTSOURCING
c/o C T CORPORATION SYSTEMS
4701 COX RD STE 285
GLEN ALLEN, VA 23060

*/s/ Jerry W. Robinson*
Jerry W. Robinson
3837 Peach Orchard Circle
Portsmouth, Virginia 23703
(757) 515-7447